# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BRANDON CHE LEE, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| WARDEN, USP Atlanta, | : | CIVIL ACTION NO. |
| and all of the staff involved in this | : | 1:17-CV-3276-ODE-JFK |
| crime, et al., | : | |
|     Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Brandon Che Lee, Federal Bureau of Prisons identification number 45296-112, confined in the United States Penitentiary in Atlanta, Georgia, has submitted a complaint – along with three later filed complaints which have been consolidated into this action by separate orders. The Clerk of Court is **DIRECTED** to adjust the docket to show that this is a civil rights action under 28 U.S.C. § 1331 as Plaintiff is a federal prisoner. The matter is before the Court on the consolidated complaints [1-4], in which Plaintiff complains about matters related to his confinement.

Plaintiff currently is serving a 240-month term of imprisonment based on his convictions for mail fraud and identification-document crimes. United States v. Lee,

No. 8:07-cr-0207-AG-1 (C.D. Cal. June 3, 2010). Plaintiff is a prolific filer who generally complains in regard to electronic shocks while his blood pressure is being taken, difficulty contacting family members and the effect that his conviction has had on his relationship with his family members, the provision of poisonous food items from various sources and at numerous times, and fellow prisoners fumbling their penises in numerous locations and at all times. See generally Final R. & R., Lee v. Warden, No. 1:16-cv-4401-ODE (N.D. Ga. Feb. 7, 2017); Final R. & R., Lee v. Warden, No. 1:16-cv-4009-ODE (N.D. Ga. Dec. 30, 2016); Final R. & R., Lee v. Jeong, No. 1:16-cv-3935-ODE (N.D. Ga. Dec. 19, 2016); Final R. & R., Lee v. Unnamed Defendant, No. 1:16-cv-3279-ODE (N.D. Ga. Nov. 15, 2016).

Plaintiff raises claims similar to claims that he has raised in his numerous prior actions, (Compl., ECF No. 1; First through Third Suppl. Compls., ECF Nos. 2-4), and periodically asserts that a staff member has rubbed Plaintiff's body or upper body, generally at a unit door and allegedly in order to sexually harass Plaintiff, (Compl. at 3, 5-6; First Suppl. Compl. at 4; Second Suppl. Compl. at 4; Third Suppl. Compl. at 2, 5). Plaintiff also states that prison staff ordered his cell mate to hit him but does not indicate that the cell mate ever did so or describe any injury. (First Suppl. Compl. at

1). Plaintiff states that he believes that the prison staff can kill him but that he thinks the weapon is no good. (Id.).

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." See Gresham v. Jenkins, No. 2:15-CV-11640, 2015 WL 3403942, at *3-4 (E.D. Mich. May 26, 2015) (finding that sexual abuse allegations – by prisoner who had a history of filing numerous delusional claims – were unsupported and failed to show that the prisoner was in imminent danger); Bozeman v. Miles, No. 2:07-CV-182-MHT, 2007 WL 1034953, at *1 (M.D. Ala. Mar. 30, 2007) (finding that allegations of sexual harassment did not show that the prisoner was under imminent danger of serious physical injury). When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

AO 72A
(Rev.8/82)

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. See Order, Lee v. Feather, No. 3:16-cv-1536-HZ (D. Or. Sep. 22, 2016) (listing three district court dismissals); see also Lee v. Maye, Appeal No. 14-3214 (10th Cir. Jan. 7, 2015) (dismissing appeal as frivolous). The Court finds that Plaintiff's pleadings are frivolous and do not support a finding that he is in imminent danger of serious physical injury.

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action, as consolidated, be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to withdraw the references to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 28th day of September, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)